IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| GRAIN PROCESSING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>VIRGIN SCENT, INC.<br><br>Defendant. | Civil No. 3:21-cv-00019-RGE-SBJ<br><br><br>**PLAINTIFF GRAIN PROCESSING CORPORATION'S MOTION TO STRIKE UNTIMELY COUNTERCLAIMS AND AFFIRMATIVE DEFENSES** |

Plaintiff Grain Processing Corporation ("GPC"), pursuant to Federal Rules of Civil Procedure 12, 16, and 37, as well as Local Rule 16, hereby moves the Court for an order striking Defendant Virgin Scent, Inc. ("Virgin Scent")'s untimely Counterclaims, ECF No. 109, and the Fifteenth, Sixteenth, and Seventeenth Affirmative Defenses included within Virgin Scent's Answer to GPC's Amended Complaint, ECF No. 108. In the alternative, GPC moves for an order dismissing Counts II and II within Virgin Scent's counterclaims. In support thereof, GPC states:

I.    **<u>Virgin Scent's Untimely Counterclaims And New Defenses Should Be Stricken.</u>**

1.    The Court-ordered deadline to seek leave to ad parties or amend claims was October 1, 2021. (ECF No. 23.)

2.    Virgin Scent, jointly with GPC, proposed this deadline to the Court. (ECF No. 11.)

3.    GPC moved for leave of Court on September 30, 2021, to assert claims against two additional defendants, Akiva and Yaakov Nourollah. (ECF No. 25.) GPC was granted leave and filed its Amended Complaint on October 6, 2021. (ECF No. 29.)

4.    The only changes between the original Complaint and the Amended Complaint were the addition of allegations relating to the claim against the Nourollah Defendants. (*See* ECF

1

No. 25-1.) There were no changes made to the allegations against Virgin Scent or the single breach-of-contract claim against Virgin Scent. (*Id.*) No additional claims were pled against Virgin Scent, nor was the scope of the relief requested against Virgin Scent expanded or amended in any way. (*Id.*)

5.    GPC dismissed its claims against Akiva Nourollah and Yaakov Nourollah without prejudice on March 30, 2022. (ECF No. 104.)

6.    Virgin Scent filed an Answer to the Amended Complaint on April 4, 2022. (ECF No. 108.)

7.    Virgin Scent's Answer contains three affirmative defenses not previously asserted in this litigation, set forth as Virgin Scent's Fifteenth, Sixteenth, and Seventeenth Affirmative Defenses (collectively, the "New Defenses").

8.    That same day, Virgin Scent also filed Counterclaims for the first time in this action. (ECF No. 109.)

9.    At Virgin Scent's request, the discovery deadline was extended from March 11, 2022 to April 1, 2022. (ECF No. 70.)

10.    The dispositive motions deadline was April 11, 2022. (ECF No. 23.)

11.    Virgin Scent's Counterclaims and New Defenses are untimely.

12.    Federal Rule of Civil Procedure 16 requires a Court to enter a scheduling order limiting the time to amend pleadings. Fed. R. Civ. P. 16(a)(3)(A). "A schedule may be modified only for good cause and with the judge's consent." *Id.* (a)(4).

13.    Rule 16 also authorizes a court to issue any "just orders," including the sanctions authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party fails to obey a scheduling order. Fed. R. Civ. P. 16(f)(1)(C). Similarly, Local Rule 16 also authorizes relief including but not limited to "the

striking of pleadings" upon a "failure to comply with a deadline established in the Rule 16(b) and 26(f) scheduling order and discovery plan." L.R. 16(*i*).

14.    "[I]f an amended complaint does not change the theory or scope of the case, a defendant must seek leave of court pursuant to Rule 15(a) before it can amend its answer to assert a counterclaim.'" *E.g.*, *Mgmt. Registry, Inc. v. A.W. Companies, Inc.*, No. 0:17-CV-5009-JRT-KMM, 2020 WL 6121450, at *15 (D. Minn. July 29, 2020), *report and recommendation adopted*, 2020 WL 5813291 (D. Minn. Sept. 30, 2020) (quoting *Buffalo Wild Wings, Inc. v. Buffalo Wings & Rings, LLC*, No. 09-cv-1426 (JRT/SER), 2011 WL 2261298, at *3 (D. Minn. Mar. 21, 2011)).

15.    The Amended Complaint did not change the theory or scope of the case from Virgin Scent's perspective. Virgin Scent was therefore required to seek leave of court before asserting new defenses or new counterclaims. *See, e.g.*, *CMI Roadbuilding, Inc. v. Iowa Parts, Inc.*, No. 16-CV-33-LRR, 2017 WL 9440803, at *5 (N.D. Iowa June 8, 2017), *report and recommendation adopted*, 2017 WL 2829623 (N.D. Iowa June 30, 2017).

16.    Unless and until such leave is obtained, the Counterclaims are a nullity. *E.g.*, *Bibb Cty. Sch. Dist. v. Dallemand*, No. 5:16-CV-549 (MTT), 2019 WL 1519299, at *4 (M.D. Ga. Apr. 8, 2019) (citing *Hoover v. Blue Cross and Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988)).

17.    Because the Scheduling Order deadline to seek leave to amend pleadings has long passed, Virgin Scent must meet the "good cause" standard under Federal Rule of Civil Procedure 16. Virgin Scent cannot show "good cause" to insert what is essentially an entirely new case after the close of discovery.

18.    Virgin Scent waited six months after the pleadings deadline to assert its Counterclaims and New Defenses. This is a lengthy delay, weighing heavily against a finding of

good cause. *See, e.g.*, *Catipovic v. Turley,* 295 F.R.D. 302, 305 (N.D. Iowa 2013), *aff'd*, No. C 11-3074-MWB, 2014 WL 5454570 (N.D. Iowa Oct. 25, 2014).

19.    Virgin Scent chose not to propound discovery or schedule written depositions prior to the pleadings deadline that it proposed to the Court. While Virgin Scent was entitled to wait until the end of the discovery period to do its work, one consequence of this choice is that it may not attempt to plead new claims and defenses long after the deadline to do so, and after the discovery deadline as well. *See, e.g.*, *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 644 (D. Nev. 2021); *Alexander v. 1328 Uptown, Inc.*, No. 18-CV-1544 (ECT/ECW), 2019 WL 9514655, at *3 (D. Minn. June 20, 2019).

20.    The allegations in the Counterclaims also all relate to conduct allegedly occurring in 2020. *See Bibb Cty. Sch. Dist.*, 2019 WL 1519299, at *4.

21.    Further, GPC would be significantly prejudiced if Virgin Scent's belated filings are not stricken.

22.    The discovery period expired before Virgin Scent even filed its Counterclaims and New Defenses. GPC has not taken discovery in view of these pleadings. Virgin Scent has not made any of the required disclosures under Federal Rule of Civil Procedure 26 with respect to its brand new Counterclaims, and in fact is prohibited from doing so absent leave of Court.

23.    Virgin Scent has attempted to initiate an entirely new case, and discovery on this new case cannot be conducted in a few weeks.

24.    If the belated filings are not stricken, GPC will be forced to choose between (1) foregoing its right to conduct sufficient discovery to defend against the meritless Counterclaims and New Defenses in order to keep the trial date on its breach-of-contract claim, or (2) conducting

sufficient discovery and foregoing its right to obtain "just, speedy, and inexpensive" relief on its breach of contract claim.

25.     As explained in previous filings, GPC believes that it will be substantially less likely to collect amounts owed from Virgin Scent representing its damages if trial is delayed to mid-2023 or later in light of the overwhelming potential liability Virgin Scent faces from later-filed claims in other courts. (*See, e.g.*, ECF No. 105, at 11-13.)

26.     Other courts have found prejudice sufficient to find no "good cause" to assert counterclaims simply where a litigation is at a late state and the new claims would require further discovery. *See Catipovic*, 295 F.R.D. at 312 ("categorically reject[ing]" the argument that addition of a new fraud claim would not require reopening of discovery, and finding that allowing insertion of a new fraud claim would be "manifestly unjust"); *Fair Isaac Corp. v. Experian Info. Sols. Inc.*, No. CV 06-4112 (ADM/JSM), 2009 WL 10677527, at *15 (D. Minn. Feb. 9, 2009); *Intermedics, Inc. v. Cardiac Pacemakers, Inc.,* No. CIV.4-95-716JRT/RLE, 1998 WL 35253496, at *2 (D. Minn. July 7, 1998), *aff'd*, 1998 WL 35253497 (D. Minn. Sept. 4, 1998) ("To wind back the progress of this case, so as to allow new claims to be alleged, discovered, and subjected to Motions, is inconsistent with the mandate of Rule 1, Federal Rules of Civil Procedure, that actions be resolved in a just, speedy, and inexpensive fashion.").

27.     The entire purpose of Rule 16's requirement that a scheduling order include a pleadings deadline is to avoid precisely this situation. *See* Fed. R. Civ. P. 16(a)(3)(A). Otherwise, every defendant dissatisfied with the record at the close of discovery would be incentivized to plead new counterclaims or defenses—regardless of their merits—in order to put off their day of reckoning and seek a "do-over."

28.     Preventing such abuses is an essential role of the Court in civil matters.

29.    Accordingly, the Court must strike Virgin Scent's untimely Counterclaims as well as its New Defenses.

## II.    Virgin Scent Waived Its Fifteenth and Sixteenth Affirmative Defenses.

30.    Federal Rule of Civil Procedure 8(c) lists certain affirmative defenses that a defendant "must affirmatively state" when "responding to a pleading." Among those defenses are fraud. Fed. R. Civ. P. 8(c)(1).

31.    "Generally, failure to plead an affirmative defense results in a waiver of that defense." *First Union Nat'l Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616, 622 (8th Cir. 2007).

32.    Virgin Scent's Fifteenth and Sixteenth Affirmative Defenses both assert affirmative defenses based on fraud. These affirmative defenses not present within Virgin Scent's original Answer and have been waived.

33.    This provides a separate basis to strike Virgin Scent's Fifteenth and Sixteenth Affirmative Defenses.

## III.    Virgin Scent Fails To State A Claim For Fraud.

34.    Allegations of fraud are subject to a heightened pleading standard. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

35.    The complaint must plead the "who, what, where, when, and how" of the alleged fraud." *E.g.*, *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006).

36.    [T]the party alleging fraud in the making of a contract must articulate 'such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" *Ambassador Press, Inc. v. Durst Image Tech. U.S., LLC*, 949 F.3d 417, 421 (8th Cir. 2020).

37.     This heightened pleading standard is meant to protect defendants accused of fraud from "baseless claims." *U.S. ex rel. Hill v. Family Connections, Inc.*, No. 1:18-cv-00010-RGE-CFB, 2019 WL 131280560, at *3 (S.D. Iowa Nov. 20, 2019).

38.     The complaint must "set forth specific facts that make it reasonable to believe that defendant[s] knew that a statement was materially false or misleading." *Asbury Square, L.L.C. v. Amoco Oil Co.*, 221 F.R.D. 497, 501 (S.D. Iowa 2004). "Unless the present state of mind is misstated, there is . . . no misrepresentation." *Id.*

39.     Count II of Virgin Scent's Counterclaims, labeled "fraud in the inducement," alleges that "GPC" made certain representations at some point prior to Virgin Scent's entry into the Purchase Agreement that constitute fraud. (*See* Counterclaims ¶¶ 48-52.)

40.     The allegations underlying this claim, however, do not satisfy Rule 9(b)'s particularity requirement. *See U.S. ex rel. Joshi*, 441 F.3d at 557.

41.     These allegations, further, do not allege that whoever made the alleged representations believed they were untrue when made. *See Ambassador Press*, 949 F.3d at 423.

42.     Further, any forward-looking projections or forecasts as to the market for ethyl alcohol after July 2020 made in the course of an arms-length commercial negotiation for millions of dollars of highly regulated chemical products are not actionable as fraud. *See, e.g.*, *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 590 (8th Cir. 2018).

43.     Similarly, any alleged predictions of what a government entity might do in its official capacity are not actionable as fraud. *See City of McGregor v. Janett*, 546 N.W.2d 616, 620 (Iowa 1996).

44.     Count III of Virgin Scent's counterclaims, labeled "fraud," concerns corn futures contracts. This fraud theory concerns an alleged statement made after the contract was signed. But

a statement allegedly made after the contract was signed cannot give rise to a right of rescission. *See Schmidt v. Fortis Ins. Co.*, 349 F. Supp. 2d 1171, 1191 (N.D. Iowa 2005).

45.    Virgin Scent also cannot plausibly allege damages or causation from the alleged misrepresentation, as Virgin Scent alleges no facts plausibly suggesting that GPC would ***not*** have brought this breach of contract action if Virgin Scent had communicated to GPC that Virgin Scent believed it could rescind the Purchase Agreement. *See, e.g.*, *ContiTech USA, Inc. v. McLaughlin Freight Servs., Inc.*, No. 3:20-CV-00075-SMR-SBJ, 2022 WL 266166, at *6 (S.D. Iowa Jan. 6, 2022).

46.    Counts II and III of Virgin Scent's Counterclaims should be dismissed for failure to state a claim.

WHEREFORE, Grain Processing Corporation ("GPC") respectfully requests that Virgin Scent's untimely Counterclaims, ECF No. 109, and the Fifteenth, Sixteenth, and Seventeenth Affirmative Defenses included within Virgin Scent's Answer to GPC's Amended Complaint, ECF No. 108, be stricken. If the Court determines not to strike the Counterclaims, Counts II and III should be dismissed.

Date: April 25, 2022

/s/ Michael W. Thrall AT0007975
Matthew A. McGuire AT0011932
Roy R. Leaf AT0014486
**NYEMASTER GOODE P.C.**
700 Walnut Street, Suite 1600
Des Moines, IA 50309
Telephone: 515-283-3100
Fax: 515-283-3108
Email: mwt@nyemaster.com
        mmcguire@nyemaster.com
        rleaf@nyemaster.com

ATTORNEYS FOR PLAINTIFF
GRAIN PROCESSING CORPORATION

## CERTIFICATE OF SERVICE

I certify that on April 25, 2022, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Southern District of Iowa using the CM/ECF system, which will send notification of such filing to the following counsel of record registered with the CM/ECF system:

Michael A. Dee
James W. White
BROWN, WINICK, GRAVES, GROSS AND
BASKERVILLE, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, Iowa 50309-2510

Aryeh Kaufman
(*admitted Pro Hac Vice*)
LAW OFFICE OF ARYEH KAUFMAN
5482 Wilshire Blvd., PMB 1907
Los Angeles, California 90036

ATTORNEYS FOR DEFENDANT

/s/ Michael W. Thrall